UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 06-80473-CIV-RYSKAMP/VITUNAC

NATA ENGINEERING, INC.,
a Florida corporation, and
ANTONIO ASSENZA, SR.,

        Plaintiffs,

v.

CITY OF PORT ST. LUCIE, a Florida
municipality, FELIX ASSOCIATES, LLC,
a limited liability corporation and VINCENT
J. AMATO, individually,

        Defendants.
_____/

## ORDER GRANTING PORT ST. LUCIE'S MOTION FOR SUMMARY JUDGMENT

   THIS CAUSE comes before the Court upon Defendant, Port St. Lucie's motion for summary judgment **[DE 13]**, filed on July 20, 2006. Plaintiffs filed a response **[DE 16]** on August 7, 2006 and refiled the response due to a scrivener's error **[DE 19]** on August 11, 2006. Defendant filed a reply **[DE 26]** on August 28, 2006. The Court scheduled a hearing on the motion, but because of a scheduling misunderstanding, counsel for Port St. Lucie was unable to attend. Therefore, no hearing was heard on the motion. The motion is now ripe for adjudication.

**I.  Introduction**

   This is an action for patent infringement and induced patent infringement and request for injunctive relief for the Defendants' alleged use of a tool used to install underground pipe. (Compl. ¶¶1-2 **[DE 1]**). Antonio Assenza developed a new drilling tool that installed underground pipeline by drilling horizontally under existing structures thereby eliminating many of

the problems associated with the traditional method, trench cutting. (Compl. ¶¶ 2, 4, 17). The previous method for installing underground utility lines was to trench cut through existing structures to lay the utility pipeline. This method was expensive and required damaging the existing structure to install the lines and then to refill the trench. The result, however, could undermine the integrity of the structure. (Compl. ¶¶ 3, 16). Assenza applied for a U.S. patent for the tool which was issued on February 23, 1999, as number 5,873,412. As the owner of the patent, he licensed its use to NATA Engineering, a corporation that he owns. (Compl. ¶¶ 6-7, 15).

Plaintiffs also allege that this tool had been used for the City of Port St. Lucie (the City) in the past and that the City wanted that tool used in future utility installations that Felix Associates and Vincent J. Amato had contracted to complete. (Compl. ¶¶ 18-19). Although the past use did not violate Plaintiffs' patent, later use did violate the patent. (Compl. ¶¶ 18, 19). Assenza gave all Defendants notice that their acts infringed on the patent, however, they continued using the tool. (Compl. ¶ 20). As a result of their use, Plaintiffs allege that the Defendants has damaged them, including their reputation and position in the marketplace. (Compl. ¶¶ 27-28).

Accordingly, the Plaintiffs filed the instant lawsuit in which they demand a permanent injunction, destruction of any infringing tools, damages, reasonable attorney's fees, pre-judgment interest, post-judgment interest and costs. (Compl. ¶ 29). The City now moves this Court to grant its motion for summary judgment on all counts.

## II.     Discussion

### A.     Summary Judgment Standard

A party is entitled to judgment as a matter of law when "the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party.  *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party.  *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).  The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).  The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  *See Celotex*, 477 U.S. at 322.

**B.      Plaintiff is unable to show that the City is liable.**

There are two ways to infringe a patent, directly or through induced infringement. Although unclear from the complaint, Plaintiffs' response makes clear that they proceed under the theory of induced infringement only.  In a claim for induced infringement, "whoever actively induces infringement of a patent shall be liable as an infringer." 28 U.S.C. § 271(b).  In order to

3

show inducement, there must have been a direct infringement by another party. *Fromberg, Inc. v. Thronhill*, 315 F.2d 407, 411 (5th Cir. 1963). Thus, Plaintiff must show that the City knowing aided and abetted Felix Associates in directly infringing on the patent by using the patented devise without Plaintiffs' consent. *Metro Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 125 S.Ct. 2764, 2779-80 (2005). Knowledge requires more than accidental or inadvertent inducement; knowledge requires purposeful or intentional inducement. *Fromberg* at 411.

As stated above, the first step in this analysis is to determine whether Felix Associates directly infringed on Plaintiffs patent. That issue, of course, is still being litigated in this action. However, even if this Court were to presume that Felix Associates actions had constituted direct infringement, Plaintiffs cannot make out their claim of inducement.

The contract between the City and Felix Associates requires that some portions of the project must be completed by the directional boring method. (Contract at 02320-1). However, the contract also states that it is the contractor's responsibility to obtain agreement by any patent holder before using a patented device on the project. (Contract at SS-23). The contract also requires that the contractor abide with all laws affecting the conduct of the work. (Contract at SS-23). In light of these requirements, the contractor stated that he "is familiar with all federal state, and local Laws and Regulations that may affect cost, progress, performance, and *furnishing of the Work*." (Contract at A-13).

Since the City expressly required that the contractor obtain any necessary authorization to use patented tools, it could not have induced Felix Associates to infringe. Had the contract omitted any information such requirement or had the contract indicated that the City was ambivalent regarding any patent holder's rights, this Court may have reached a different result.

As it stands, however, the City was aware of possible patent issues, wrote into the contract that the contractor was responsible to resolve those issues, and therefore did nothing to induce the contractor to directly infringe the patent. In fact, Plaintiffs have failed to articulate exactly how the City induced any infringement, aside from simply allowing Felix Associates to continue work on the contract. This is insufficient to make out their claim.

As it stands, Felix Associates entered into a contract that required it to complete certain portions of the work with a patented method. Felix Associates completed that work using the contracted method. By signing the contract, Felix Associates acknowledged that it was responsible for obtaining permission to use the patented method. Felix Associates may not have done so. This, however, does not make the City liable.

Plaintiffs argue that the City cannot escape liability by including an indemnification clause in the contract. Although both of the previously discussed clauses contain an indemnification clause, Plaintiffs do not correctly identify the use of those provisions. The indemnification clause, alone, is not relevant here. Had this Court eventually found that the City was liable for having induced the contractor's infringement and ordered the City to pay damages, the City could then sue the contractor under the indemnification clause. For the purposes of this ruling, however, the indemnification clause is irrelevant. What is relevant, as explained above, is that the contract specifically delegates to the contractor all responsibility for competing the contract such as providing the equipment and labor, as well as acquiring any necessary agreements with patent holders of the required equipment.

### III.   Conclusion

The Court has considered the motion and the pertinent portions of the record, and based

on the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that: Defendant's Motion for Summary Judgment **[DE 13]** is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 18 day of January, 2007.

       /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record