UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80473-CIV-RYSKAMP/VITUNAC

NATA ENGINEERING, INC.,
a Florida corporation, and
ANTONIO ASSENZA, SR.,

    Plaintiffs,

v.

CITY OF PORT ST. LUCIE, a Florida
municipality, FELIX ASSOCIATES, LLC,
a limited liability corporation and
VINCENT J. AMATO, Individually,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR RULE 54(b) CERTIFICATION AND STAYING CASE

This cause is before the Court upon Plaintiffs' Motion for Rule 54(b) Determination or Certification Pursuant to 28 U.S.C. §1292(b) **[DE 44]**. Defendant City responded **[DE 45]** on February 1, 2007. The matter is now ripe for adjudication.

Rule 54(b) allows one party to appeal a final judgment in a suit involving multiple parties but where final judgment has not been rendered as to all of the parties. This type of appeal is not otherwise immediately appealable. A district court has discretion to grant Rule 54(b) appeals. In order to grant a Rule 54(b) appeal, a district court must find (1) that multiple claims or parties are fully resolved; (2) that there is no just cause for delay; and (3) that the judgement constitutes a final judgment. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956).

First, this Court's order granting Defendant City's summary judgment motion **[DE 39]** finally resolved the rights and liabilities of the City. A final judgment is one where there is a decision upon a "cognizable claim for relief" that is "an ultimate disposition of an individual claim" or party. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). A district

court's determination of finality is given substantial deference. *Pitney Bowes , Inc. v. Mestre*, 701 F.2d 1365, 1369 (11th Cir. 1983). Here, the City was released from all liability via this Court's order granting the City's summary judgment motion. Although the action is still pending as to the remaining Defendants, the City does not have any remaining liability in the suit.

Second, this Court finds that there is no just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision ... is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Curtiss-Wright* at 8. Here, an expensive, duplicative trial could be avoided by reviewing this issue promptly before proceeding to trial against the remaining Defendants. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2nd Cir. 1997). Based on the parties' representations, this case was set on the complex trial track; thus, it should take approximately ten to twelve days to complete trial. If the Eleventh Circuit finds that this Court was incorrect to grant summary judgment, the parties would be required to conduct a second trial substantially similar to the trial against the remaining Defendants, likely using the same evidence and probably taking multiple days to try the case. Thus, there is no just reason for delay.

Third, this Court holds that granting summary judgment in favor of the City constitutes final judgment. That order finally resolved all the rights and liabilities of the City. There are no claims pending as to the City and the resolution of this issue on appeal does not hinge on the issues directed to the remaining Defendants. The issue to be decided by the appellate court is whether this Court accurately applied the facts to the law; whether the facts precluded summary judgment for the City in this suit.

After careful consideration of the motion, response and record, this Court has concluded that certifying the issue under Rule 54(b) is proper.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Rule 54(b) determination is hereby GRANTED.  This Court finds that no just cause exists to delay the appeal of the adjudicated rights and liabilities of the Plaintiffs and the City.  Final judgement against the City is therefore entered in this case.  Accordingly, this case is stayed pursuant to Rule 62(h) until the Eleventh Circuit renders its decision.  Plaintiffs are directed to notify this Court within ten days after the Eleventh Circuit has issued its ruling.

Done and ordered in Chambers at West Palm Beach, Florida, this 7 day of February, 2007.

                                                /s/ Kenneth L. Ryskamp
                                                Kenneth L. Ryskamp
                                                United States District Judge

Copies provided to:
All counsel of record